UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRIEN SPENCER, | No. 2:13-cv-1074 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On March 30, 2011, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on November 24, 2010. (Transcript ("Tr.") at 14,189-96.) Plaintiff's application was denied initially, (id. at 84-88), and upon reconsideration. (Id. at 93-97.) Plaintiff requested a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on November 27, 2012. (Id. at

26-65.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 27.) In a decision issued on December 5, 2012, the ALJ found that plaintiff was not disabled. (Id. at 20.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2015.
>
> 2. The claimant has not engaged in substantial gainful activity since November 24, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: Disorder of back, carpal tunnel syndrome, and osteoarthritis (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c). The claimant can sit, stand, and walk six hours during an eight-hour workday. He can lift or carry 50 pounds occasionally and 25 pounds frequently. He can never climb ladders, ropes, or scaffolds. He should avoid concentrated exposure to excessive noises and vibrations. He should never work around hazards such as moving dangerous machinery and unprotected heights.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. The claimant was born on November 14, 1949 and was 61 years old, which is defined as an individual closely approaching retirement age, on the alleged disability onset date (20 CFR 404.1563).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

/////

> 11. The claimant has not been under a disability, as defined in the Social Security Act, from November 24, 2010, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 14-20.)

On April 8, 2013, the Appeals Council denied plaintiff's request for review of the ALJ's December 5, 2012 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on May 30, 2013.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

3

        Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

        Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

      The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

      In his pending motion plaintiff argues that the ALJ committed the following two principal errors in finding him not disabled: (1) the ALJ's treatment of the medical opinion evidence constitutes legal error; and (2) the ALJ improperly rejected plaintiff's own testimony concerning his subjective symptoms.[1] (Pl.'s MSJ (Dkt. No. 11-1) at 14-25.[2])

**I.    Medical Opinion Evidence**

      Plaintiff argues that the ALJ erred by failing to articulate specific and legitimate reasons for rejecting the opinions of Dr. Carl Shin and Dr. Andrew Fox, both treating physicians of plaintiff, and by instead crediting the opinion of Dr. Zheutlin, a nonexamining physician. (Id. at 14-23.)

      The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a

---

[1] Although plaintiff's motion asserts three separate claims, two of those claims concern the ALJ's treatment of the medical opinion evidence. Accordingly, the court will address those claims as one claim above.

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen, 80 F.3d at 1285; Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990). The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)). Greater weight should be given to the "'opinion of a specialist about medical issues related to his or her area of specialty.'" Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(5)).

Here, on August 13, 2012, treating physician Dr. Shin completed a Residual Functional Capacity Questionnaire addressing plaintiff's functional limitations. Therein, Dr. Shin opined that plaintiff's decreased range of motion in his right shoulder, lower back pain and decreased sensation of his right leg, would occasionally cause symptoms severe enough to interfere with the attention and concentration needed to perform even simple work. (Tr. at 434.) As a result of his impairments, it was Dr. Shin's opinion at that time that plaintiff could only lift ten pounds frequently, twenty pounds occasionally, could sit for four hours in an eight-hour workday and stand and walk for less than two hours in an eight hour workday. (Id. at 435.) Moreover, as a result of his impairments Dr. Sin opined that plaintiff would likely miss, on average, three days of work per month. (Id. at 437.)

Dr. Shin also completed a second, but undated, Residual Functional Capacity Questionnaire. In that questionnaire Dr. Shin opined that plaintiff had a significant limitation as to his cervical range of motion with regard to his left and right rotation, suffered from severe

5

1  headaches, impaired sleep, and would experience pain or other symptoms severe enough to
2  frequently interfere with the attention and concentration needed to perform even simple tasks.
3  (Tr. at 504-06.)  As a result of his impairments, Dr. Shin opined that plaintiff could only lift ten
4  pounds rarely, less than ten pounds occasionally and could sit, stand and walk for a total of four
5  hours in an eight-hour work day.  (Id. at 509.)  Moreover, Dr. Shin expressed the belief that as a
6  result of his impairments plaintiff would likely miss, on average, two or more days of work per
7  month.  (Id. at 510.)

8  The ALJ gave "little weight to Dr. Chin's [sic] opinion as it [was] not supported by the
9  evidence."  (Id. at 18.)  In this regard, the ALJ asserted that "the doctor relied quite heavily on the
10  subjective report of symptoms and limitations provided by the claimant . . . ."  (Id.)

11  Dr. Shin, however, was a treating physician.  As noted above, generally more weight
12  should be given to the opinion of a treating physician.  Lester, 81 F.3d at 830.  "If a treating
13  physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic
14  techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will
15  be given] controlling weight."  Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007) (internal
16  quotations omitted) (alterations in original).  "Even if a treating physician's opinion is
17  contradicted, the ALJ may not simply disregard it.  The ALJ is required to consider the factors set
18  out in 20 C.F.R. § 404.1527(c)(2)-(6) in determining how much weight to afford the treating
19  physician's medical opinion."  Ghanim v. Colvin, --- F.3d ---, ---, 2014 WL 4056530, at *5 (9th
20  Cir. Aug. 18, 2014).

21  Moreover,

22  > To say that medical opinions are not supported by sufficient
23  > objective findings or are contrary to the preponderant conclusions
     > mandated by the objective findings does not achieve the level of
24  > specificity . . . required, even when the objective factors are listed
     > seriatim.  The ALJ must do more than offer his conclusions.  He
25  > must set forth his own interpretations and explain why they, rather
     > than the doctors', are correct.

26  Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir.1988).  See also Tackett v. Apfel, 180 F.3d
27  1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary
28  support for his interpretation of the medical evidence."); McAllister v. Sullivan, 888 F.2d 599,

602 (9th Cir. 1989) ("Broad and vague" reasons for rejecting the treating physician's opinion do not suffice).

Moreover, Dr. Shin's opinion was in fact supported by objective evidence. Specifically, Dr. Shin noted in the August 13, 2012 questionnaire that his opinion was supported by "MRI" and "EMG" findings.[3] (Tr. at 433.)

With respect to Dr. Fox, also a treating physician of plaintiff, the ALJ discussed Dr. Fox's treating records, including his October 29, 2012 physical examination at which time the treating physician concluded that plaintiff was "unable to perform the duties that are required of him" and that plaintiff should "be off work and file for Social Security Disability." (Tr. at 16-17.) The ALJ, however, did not address what weight, if any, was assigned to Dr. Fox's opinion.

Defendant argues that the ALJ did not have to address Dr. Fox's opinion because, the opinion that Plaintiff was 'off of work,' . . . is . . . reserved to the Commissioner because they are administrative findings that are dispositive of a case." (Def.'s MSJ (Dkt. No. 14) at 9.) However, "an ALJ may not simply reject a treating physician's opinions on the ultimate issue of disability" but instead, where the treating physician's opinion is contradicted by another physician, the ALJ must offer specific and legitimate reasons that are supported by substantial evidence." Ghanim, 2014 WL 4056530, at *5 (citing Holohan v. Massanari, 246 F.3d 1195, 1202-03 (9th Cir. 2001)).

In rejecting the opinions of plaintiff's treating physicians, Dr. Shin and Dr. Fox, the ALJ elected to instead afford "substantial" weight to the opinion of Dr. J. Zheutlin, a non-treating, non-examining physician. (Tr. at. 17.)

However, as recently reiterated by the Ninth Circuit,

> While the opinion of a treating physician is thus entitled to greater weight than that of an examining physician, the opinion of an examining physician is entitled to greater weight than that of a non-examining physician. The weight afforded a non-examining physician's testimony depends on the degree to which he provides supporting explanations for his opinions.

---

[3] Under certain circumstances an ALJ may reject the opinion of a treating physician that is based to a large extent on a claimant's self-reports which have been properly discounted by the ALJ. However, as will be discussed below, here the court finds that the ALJ here improperly discounted plaintiff's own testimony regarding the intensity, persistence and limiting effects of his symptoms.

7

1  Garrison v. Colvin, --- F.3d ---, ---, 2014 WL 3397218, at *13 (9th Cir. July 14, 2014). See also

2  Lester, 81 F.3d at 831 ("The opinion of a nonexamining physician cannot by itself constitute

3  substantial evidence that justifies the rejection of the opinion of either an examining physician or

4  a treating physician."); Pitzer v. Sullivan, 908 F.2d 502, 506 n.4 (9th Cir. 1990) ("the conclusion

5  of a non-examining physician is entitled to less weight than the conclusion of an examining

6  physician").

   Here, the opinion of non-examining physician Dr. Zheutlin is merely a check-the-box

   form devoid of any explanation supporting the opinion expressed therein.  (Tr. at 67-71.)

   For the reasons stated above, the court finds that the ALJ's treatment of the medical

   opinion evidence constituted legal error.  Accordingly, the court finds that plaintiff is entitled to

   summary judgment in his favor with respect to this claim.

**II.   Plaintiff's Testimony**

   Plaintiff asserts that the ALJ erred in discrediting plaintiff's subjective testimony.  (Pl.'s

   MSJ (Dkt. No. 11-1) at 21-23.)  The Ninth Circuit has summarized the ALJ's task with respect to

   assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis.  First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.  The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.  Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks

omitted).  "At the same time, the ALJ is not required to believe every allegation of disabling pain,

or else disability benefits would be available for the asking . . . ."  Molina v. Astrue, 674 F.3d

1104, 1112 (9th Cir. 2012).

8

1       "The ALJ must specifically identify what testimony is credible and what testimony
2  undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685,
3  693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.
4  1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the
5  "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or
6  between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and
7  testimony from physicians and third parties concerning the nature, severity, and effect of the
8  symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir.
9  2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir.
10 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the
11 court "may not engage in second-guessing." Id.
12      Here, the ALJ found that plaintiff's medically determinable impairments could reasonably
13 be expected to cause the symptoms he alleged but that plaintiff's statements concerning the
14 intensity, persistence and limiting effects of those symptoms were not credible to the extent they
15 were inconsistent with the ALJ's own residual functional capacity determination. (Tr. at 15, 17.)
16 In this regard, the ALJ merely found that the "degree of symptoms and limitations alleged by
17 [plaintiff] due to pain" were not consistent with the objective medical evidence or his functional
18 ability, "including his testimony about his daily activities." (Id. at 17.) The only activities
19 engaged in by plaintiff referred to by the ALJ, however, were performing a few household chores
20 such as vacuuming and making the bed and taking four trips over a two year period ranging in
21 length from a few days to two weeks. (Id.)
22      It is well established that social security claimants need not be "utterly incapacitated to be
23 eligible for benefits." Fair , 885 F.2d at 603. See also Webb v. Barnhart, 433 F.3d 683, 688 (9th
24 Cir. 2005); Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly
25 asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery
26 shopping, driving a car, or limited walking for exercise, does not in any way detract from her
27 credibility as to her overall disability."). In general, the Commissioner does not consider
28 "activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club

9

1 activities, or social programs" to be substantial gainful activities. 20 C.F.R. § 404.1572(c).  See
2 also 20 C.F.R. § 404.1545(e).

3    Moreover, "after a claimant produces objective medical evidence of an underlying
4 impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of
5 medical evidence to fully corroborate the alleged severity of pain." Burch v. Barnhart, 400 F.3d
6 676, 680 (9th Cir. 2005). See also Smolen, 80 F.3d at 1282 ("the claimant need not show that her
7 impairment could reasonably be expected to cause the severity of the symptom she has alleged;
8 she need only show that it could reasonably have caused some degree of the symptom"); Bunnell
9 v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for
10 disability simply because a claimant fails to produce medical evidence supporting the severity of
11 the pain, there would be no reason for an adjudicator to consider anything other than medical
12 findings.").

13    Here, the court finds that the ALJ's opinion does not offer specific, clear and convincing
14 reasons for rejecting plaintiff's testimony regarding his subjective symptoms and their severity.
15 Accordingly, plaintiff is entitled to summary judgment in his favor with respect to this claim as
16 well.

17                              CONCLUSION

18    With error established, the court has the discretion to remand or reverse and award
19 benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose
20 would be served by further proceedings, or where the record has been fully developed, it is
21 appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v.
22 Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that
23 must be resolved before a determination can be made, or it is not clear from the record that the
24 ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated,
25 remand is appropriate. Id. at 594.

26    Here, it does not appear that a useful purpose would be served by remanding this matter
27 for further proceedings. A Vocational Expert testified at plaintiff's November 27, 2012
28 administrative hearing. When asked hypothetical questions that included the limitations indicated

by the opinions of treating physicians Dr. Shin and Dr. Fox, the Vocational Expert testified that those limitations precluded plaintiff's employment. (Tr. at 57-64.) Had the ALJ's decision been based on the Vocational Expert's testimony in response to those proper hypothetical questions which included all of plaintiff's limitations, the ALJ would have found plaintiff disabled.

Accordingly, the court finds it appropriate to remand this case with the direction to award benefits. See Lingenfelter v. Astrue, 504 F.3d 1028, 1041 (9th Cir. 2007) (finding the claimant entitled to benefits where he was required to lie down two or three times each day for up to forty-five minutes due to pain and where the vocational expert testified that there were no jobs available in the national economy in light of that limitation); Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 925 (9th Cir. 2002) (remanding for payment of benefits where the ALJ improperly rejected the testimony of the plaintiff's examining physicians); Ghokassian v. Shalala, 41 F.3d 1300, 1304 (9th Cir. 1994) (awarding benefits where the ALJ "improperly discounted the opinion of the treating physician").

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 11) is granted;
2. Defendant's cross-motion for summary judgment (Dkt. No. 14) is denied;
3. The Commissioner's decision is reversed; and
4. This matter is remanded with instructions to award benefits.

Dated: September 5, 2014

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\spencer1074.ord.docx